Kenneth C. SCHWEITZER, Plaintiff,

v.

UNITED STATES of America,
Defendant (two cases).

Civ. Nos. 206L, 299L.

United States District Court
D. Nebraska.

March 4, 1961.

T. J. Fraizer and C. C. Fraizer, Lincoln, Neb., for plaintiff.

William C. Spire, U. S. Atty., Omaha, Neb., Bruno Lederer, Atty., Dept. of Justice, Washington, D. C., for defendant.

VAN PELT, District Judge.

The above-entitled matter came on for trial before the Court in Lincoln, Nebraska, on the 31st day of October, 1960, and the 1st day of November, 1960. The plaintiff was represented by T. J. Fraizer of Fraizer & Fraizer, Lincoln, Nebraska, and the defendant was represented by Bruno Lederer, Tax Division, Department of Justice, Washington, D. C. The Court having heard the testimony, having reviewed the briefs submitted on behalf of both parties and being fully advised in the premises, makes findings of fact and conclusions of law, as follows:

1. That this action was brought under and pursuant to 28 U.S.Code, § 1346 (a), to recover penalties alleged to have been erroneously and illegally assessed and collected by the United States from the plaintiff. This Court has jurisdiction over the parties and subject matter of this action.

2. By order of the Court dated and filed April 1, 1960, the actions in Civil No. 206L and Civil 299L were consolidated for trial purposes.

3. That under the provisions of Section 6672 of the Internal Revenue Code of 1954, 26 U.S.C. § 6672, there was asserted and assessed against the plaintiff a penalty of 100 per cent of the amount of employees' withheld income tax and employees' withheld Federal Insurance Contribution Act, 26 U.S.C. § 3101 et seq., tax collected but not paid over by S & D Studebaker-Packard, Inc., a corporation, for the four calendar quarters of 1957 and the first calendar quarter of 1958.

4. That the plaintiff paid to the U. S. Treasury Department, Internal Revenue Service, the penalties assessed against him on the dates, for the periods, and in amounts as follows:

| Date Penalty Paid | Period | Tax Involved | Amount Including Interest |
|---|---|---|---|
| June 9, 1958 | 1st Quarter 1957 | W.T. & F.I.C.A. Tax | $1.022.38 |
| Apr. 8, 1959 | 2nd Quarter 1957 | W.T. & F.I.C.A. Tax | $1,06663 |
| Apr. 8, 1959 | 3rd Quarter 1957 | W.T.& F.I.C.A. Tax | $1,180.74 |
| Apr. 8, 1959 | 4th Quarter 1957 | W.T. & F.I.C.A. Tax | $1,305.17 |
| Apr. 8, 1959 | 1st Quarter 1958 | W.T. & F.I.C.A. Tax | $ 171.41 |

That the penalties set forth above are equal to amounts collected from the employees of S & D Studebaker Packard, Inc., as withheld income and F.I.C.A. taxes, plus interest, and that the amounts so collected were never paid over to the United States.

5. That the plaintiff filed claims for refund of the penalties assessed against and paid by him, as required by law, with the District Director, Internal Revenue Service, Omaha, Nebraska. Said claims set out in detail the contentions of the plaintiff.

6. That on the 17th day of September, 1958, the plaintiff was notified by registered letter from James L. McCrory, District Director U. S. Treasury Department, Internal Revenue Service, that the plaintiff's claim for refund for the

first quarter of 1957 had been disallowed in full, and that on the 6th day of November, 1959, the plaintiff was notified by registered letter that the plaintiff's claim for refund for the second, third, and fourth quarters of 1957, and the first quarter of 1958, had been disallowed in full.

7. That the plaintiff, Kenneth C. Schweitzer, was president of S & D Studebaker-Packard, Inc., a Nebraska corporation, during all of the year 1957 and during the first quarter of the year 1958, and during said period was the owner of 1,710 shares of the capital stock of said corporation of the par value of $10 per share, and that during said period of time, Jimmie L. Delp was the vice-president, secretary, and treasurer of said corporation and the owner of 1,610 shares of the capital stock of said corporation of the par value of $10 per share, they being the sole stockholders of said corporation; that during the said period, the Board of Directors of S & D Studebaker-Packard, Inc., consisted of plaintiff, plaintiff's wife, and Jimmie L. Delp.

8. That the corporation was incorporated under the laws of the State of Nebraska on January 13, 1954, and thereupon engaged in the business of selling new and used automobiles and a general automobile repair and service business until March 1, 1958, at which time the corporation ceased all business operations. Plaintiff made loans in a considerable amount to the corporation for some of which notes payable to him were executed and for some of which he did not receive notes. The Court cannot make a specific finding as to the amount of the loans or the amount owing to plaintiff on any particular date but does find that the loans were in a considerable amount.

9. That plaintiff was president of Schweitzer Excavating Company, a corporation, and devoted full time to the excavating company. He gave attention to S & D Studebaker-Packard, Inc. as hereafter mentioned.

10. That during all of the year 1957, and until January 28, 1958, Jimmie L. Delp, the vice-president, secretary and treasurer of the corporation, was the active manager of the corporation, devoting his entire time to conducting the affairs of the business. Delp signed corporate checks, directed the payment of bills, signed corporate tax returns, and exercised complete supervision over the employees of the corporation. During said period, plaintiff relied upon Delp to conduct the day-to-day affairs of the corporation, but held telephone conversations with Delp occasionally but not every day. The telephone conversations were generally concerned with the corporation's shortage of money to pay its bills in general. He was at the place of business sometimes as often as once a week; sometimes as infrequent as once a month.

11. That on January 28, 1958, Delp resigned and ceased active management of the corporation, whereupon plaintiff, Kenneth C. Schweitzer, assumed the duties of active manager of the corporation and supervised the affairs of the corporation on a day-to-day basis until the closing of business on March 1, 1958. The corporation was insolvent on January 28, 1958.

12. That prior to October, 1957, plaintiff had no knowledge that employees' withheld income and F.I.C.A. taxes had never been paid over to the United States.

13. That Mr. Delp, together with the office manager-bookkeeper, prepared all reports and all tax returns, and signed practically all the checks. Plaintiff signed a few checks. Except for checks signed by plaintiff, Mr. Delp, until January 28, 1958, determined which bills and accounts were to be paid.

14. That during the month of October, 1957, federal tax liens were filed against the corporation for unpaid withheld income and F.I.C.A. taxes for prior quarters of 1957 the filing of which liens came to the attention of the plaintiff, Kenneth C. Schweitzer, at or about the time of such filings.

15. That the plaintiff was put on notice by the filing of the federal tax liens that the corporation was not mak-

ing timely remittance of such taxes, and thereupon it became incumbent upon the plaintiff to exercise his duties as president and chief executive officer of the corporation and actively participate in the conduct of the affairs of the corporation to the extent necessary to cause the payment to the United States of current and subsequent withholding and F.I.C.A. taxes collected from the employees of the corporation.

### Conclusions of Law

1. That this Court has jurisdiction of the controversy and the parties hereto.

2. Section 6672 of the Internal Revenue Code of 1954 imposes a penalty of 100 per cent upon "any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax * * *." The word "person" as used in Section 6672 is defined in Section 6671(b) of the Internal Revenue Code of 1954, 26 U.S.C. § 6671(b) to include "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

▪ 3. That at all times, plaintiff, Kenneth C. Schweitzer, as president, chief executive officer, majority shareholder, and chairman of the Board of Directors of S & D Studebaker-Packard, Inc. was a person with authority under the articles of incorporation to determine what bills would and would not be paid and had authority to direct the payment of the taxes in question. He was a "person" under a duty to "collect, truthfully account for, and pay over" the income and F.I.C.A. taxes withheld from the employees within the meaning of Sections 6671(b) and 6672 of the Internal Revenue Code of 1954. Bloom v. United States, 9 Cir., 272 F.2d 215, certiorari denied, 363 U.S. 803, 80 S.Ct. 1236, 4 L. Ed.2d 1146.

▪ 4. In a civil case of this nature, the burden is upon the plaintiff to prove by a fair preponderance of the evidence that his conduct was not willful. Kellems v. United States, D.C.D.Conn., 97 F.Supp. 681. The Court disagrees with Carroll v. United States, D.C.Wash., 60–1 U.S.T.C., par. 75,433, insofar as that case holds to the contrary.

▪ 5. The word "willfully", as used in Section 6672 of the Internal Revenue Code of 1954, means "intentionally", "knowingly", "voluntarily", or "without reasonable cause." Bloom v. United States, supra [272 F.2d 223]; Wilson v. United States, 9 Cir., 250 F.2d 312; Nugent v. United States, D.C.N.D.Ill., 136 F.Supp. 875; In re Haynes, D.C.D. Kan., 88 F.Supp. 379; Kellems v. United States, supra.

▪ 6. Plaintiff's failure to cause the payment to the United States of the taxes collected for the first, second, and third quarters of 1957 was not willful within the meaning of Section 6672 of the Internal Revenue Code of 1954.

▪ 7. Plaintiff's failure to cause the payment to the United States of the taxes collected for the fourth quarter of 1957 and the first quarter of 1958 was willful within the meaning of Section 6672 of the Internal Revenue Code of 1954.

8. Judgment will be entered in favor of the plaintiff as to the first, second and third quarters of 1957, and the complaint will be dismissed and judgment entered in favor of the defendant as to the fourth quarter of 1957 and the first quarter of 1958.