**Hal C. FRAZIER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19426.

United States Court of Appeals Fifth Circuit.

June 11, 1962.

Dougal C. Pope, Houston, Tex., for appellant.

John B. Jones, Jr., Acting Asst. Atty. Gen., Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., Lee A. Jackson, Myron C. Baum, Attys., Dept. of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., William L. Bowers, Jr., Asst. U. S. Atty., Houston, Tex., C. Guy Tadlock, Alan D. Pekelner, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before TUTTLE, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

The Commissioner of Internal Revenue assessed against Frazier a penalty in the amount of $450.85 under Section 6672 of the Internal Revenue Code of 1954.[1] Frazier paid the penalty and filed a claim for refund which was denied. He then filed suit for refund as permitted by 28

---

1. "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, *in addition to other penalties provided* by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable." 26 U.S. C.A. § 6672.

U.S.C.A. § 1346(a) (1). Upon trial, the district court directed the jury to return a verdict for the defendant. This appeal is from the judgment entered upon that verdict. The sole insistence on error is that the court erred in directing a verdict for the defendant because it was open to the jury to find that there was no willfulness on the part of Frazier in failing to collect, truthfully account for, and pay over withholding income and social security taxes of Frazier Educational Instruments, a Texas corporation. In other respects, the evidence was admittedly without any dispute.

Frazier owned 98% of the stock of Frazier Educational Instruments. His wife and son owned qualifying shares. Frazier was president of the corporation and in charge of its operations. The corporation lost money and Frazier advanced to it over $4,000.00, none of which was repaid.

The corporation did not have the money to pay the wages of its employees during the fourth quarter of 1955 and the first quarter of 1956. Frazier advanced to the corporation the net amount of the employees' take home pay. The employees were given W–2 forms reflecting the amount of income and social security taxes withheld from their wages. Quarterly tax returns were filed, signed by Frazier for the last quarter of 1955, showing total wages of $1639.50, income taxes withheld of $293.50 and social security taxes withheld of $68.95, and for the first quarter of 1956 showing total wages of $420.00, income taxes withheld of $75.45 and social security taxes withheld of $16.80. The taxes thus shown as withheld were never paid over to the United States except by way of the penalty assessed against Frazier.

The corporation was dissolved in the latter part of 1956. In June 1956, Frazier had given the landlord merchandise and equipment of the corporation in satisfaction of a $400.00 rent arrearage. Upon dissolution all debts and obligations of the corporation had been paid except the withholding and social security taxes.

While the assets of the corporation were derived principally, if not entirely, from the moneys advanced by Frazier, it is nonetheless without dispute that Frazier, as the responsible officer of the corporation, voluntarily, consciously, and intentionally paid his employees their net wages at a time when the corporation had insufficient assets to cover the taxes thereon and, when such funds became available, preferred subsequent creditors over the United States. The appellant claims that this is insufficient evidence to direct a verdict for the Government upholding the penalty. He argues that the definition of "willful" in section 6672 is identical to the definition in criminal cases, that in addition to proving a voluntary, conscious, and intentional act, the Government must prove that it was done with an evil motive, without justifiable excuse or reasonable cause. In support of this position he relies on Cumberland v. United States, 7 A.F.T.R.2d 1352 (S.D. Ind.1961); Kellems v. United States, 42 A.F.T.R. 1351 (D.C.Conn.1950); Cushman v. Wood, 149 F.Supp. 644 (Ariz. 1956); Schweitzer v. United States, 193 F.Supp. 309 (Neb.1961); Felton v. United States, 96 U.S. 699, 24 L.Ed. 875. The Government, on the other hand, argues that the criminal and civil definitions of "willful" are not the same, and that it is sufficient to prove that the act was voluntarily, consciously, and intentionally done; it relies primarily on Bloom v. United States, 272 F.2d 215 (9 Cir.1959).

As with many such issues, the definition of "willful" has been smothered with a maze of semantics. The following are some examples of this confusion of words. In the Bloom case itself, the court specifically holds that it is not necessary for application of the civil penalty to prove that the act was done "without reasonable cause." At the same time, the Bloom court, in support of its conclusion that only a voluntary, conscious and intentional act need be shown, cites Kellems

**530**

v. United States, 97 F.Supp. 681 (Conn. 1951), a case which does consider "without reasonable cause" as part of the civil test. In addition, in an earlier Ninth Circuit case, Gray Line Co. v. Grandquist, 237 F.2d 390, 395 (9 Cir.1956), the same court held that where the failure to pay was conscious and intentional, but motivated by reasonable cause, the penalty will not lie. The reasonable cause in that case was reliance on the advice of counsel that the taxes were not due. There is no indication in Bloom that the court intended to overrule this precedent. Moreover, this same semantic confusion may be found in cases the appellant relies on. The appellant approves the rule applied in Schweitzer v. United States, 193 F.Supp. 309 (Neb.1961), and yet the Schweitzer court cites Bloom as authority for the rule it applies. 193 F.Supp. at 312.

 We are of the opinion that "without reasonable cause" as used in the Grandquist and Kellems cases is part of the civil test in determining whether the failure to pay was willful. This is not to imply, however, that the same facts which will prove lack of reasonable cause in a civil case will suffice in a criminal case. We think that the Ninth Circuit in the Bloom case soundly distinguished Cushman v. Wood, 149 F.Supp. 644 (Ariz. 1956) (which held that the civil and criminal tests are the same), although, as we have already pointed out, its use of language left something to be desired. For the present we need only hold that in a civil case where a responsible officer paid employees their net wages at a time when the corporation had insufficient funds to cover the taxes thereon and, when such funds became available, preferred subsequent creditors over the United States, knowing at all times his obligation to pay such taxes, his failure to pay was "without reasonable cause" and "willful" within the meaning of section 6672.

The judgment is

Affirmed.