**Jesse R. LOWE**

v.

**UNITED STATES of America.**

**Civ. A. No. 2105.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Oct. 19, 1963.

Robert B. Wallace, Corpus Christi, Tex., for plaintiff.

Louis F. Oberdorfer, Asst. U. S. Atty. Gen., Washington, D. C.; Edward S. Smith, Myron C. Baum and Stanley F. Krysa, Tax Division, Dept. of Justice, Washington, D. C., and Woodrow Seals, U. S. Atty. (John H. Baumgarten, Asst. U. S. Atty., Houston, Tex.), for defendant.

GARZA, District Judge.

This is a suit by Jesse R. Lowe, as Plaintiff, against the United States of America, Defendant, for the recovery of penalty paid pursuant to an assessment under the provisions of Section 6672 of the Internal Revenue Code of 1954.[1] The assessment was made on June 23, 1961, in the amount of $13,271.63 against the Plaintiff for the period January 1, 1957, through September 30, 1957.

The assessment of the penalty against the Plaintiff Lowe was made on the grounds that he, as the responsible officer of Peacock Asphalt and Engineering Corporation, willfully failed to collect and pay over to the United States of America the Employees' Withheld Income and Federal Insurance Contribution Act taxes which were due from Peacock Asphalt and Engineering Corporation for the first three quarters of 1957.

Thereafter, on September 28, 1961, the Plaintiff paid the sum of $5,000.00 to the District Director and agreed with the Director that he would pay $50.00 per month in addition thereto until the total amount of the assessment had been paid or until such time as this Court had abated the assessment in a final legal proceeding.

The Defendant, United States of America, has cross-claimed against the Plaintiff for the balance of the assessment still remaining unpaid.

This Court has jurisdiction of the parties and of this cause of action, as admitted by both sides.

In the year 1956, W. P. Peacock, acting as the sole proprietor, was operating a contracting business under the name of Peacock Asphalt and Excavating Company. Peacock needed some working capital and approached the Plaintiff Lowe to help him secure such working capital, and Lowe made loans to Peacock, receiving notes as evidence of the loans, and chattel mortgages as security for said loans.

Peacock had attempted to get loans from the Corpus Christi State National Bank, but they had refused him. Lowe contacted the bank which informed him of the fact that they had already refused Peacock loans, and advised Mr. Lowe that it would lend him the money and then he could lend said money to Peacock.

On advice of legal counsel for Lowe, the business of Peacock was incorporated on January 18, 1957, as the Peacock Asphalt and Engineering Corporation, hereinafter referred to as "Peacock Corpora-

1. SEC. 6672. FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO EVADE OR DEFEAT TAX

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable." —(26 U.S.C.1958 § 6672.)

tion", for the purpose of operating principally as a general and subcontractor of asphalt paving and excavation work. The corporate shareholders were W. P. Peacock 799 shares, C. R. McGuire 200 shares, and Patricia P. Peacock one share.

At a meeting of the shareholders on January 18, 1957, these three were elected directors of the corporation, and then, as directors, they elected W. P. Peacock President, C. R. McGuire Vice-President and Assistant Secretary, and Patricia P. Peacock Secretary-Treasurer.

On the same date, January 18, 1957, special meetings of the board of directors were held at which Patricia P. Peacock's resignation was accepted and Jesse R. Lowe, the Plaintiff, was elected a director and secretary-treasurer in her place. Also, a voting trust representing one hundred per cent (100%) of the voting stock was created and granted to Jesse R. Lowe. This voting trust, however, was never exercised by Lowe for the corporation went bankrupt towards the end of July of that year.

The Plaintiff Lowe, at the time of the corporate organization, was given an option to purchase 200 shares of the stock of Peacock Asphalt and Engineering Corporation, but such option was never exercised by him.

During the existence of the corporation, Lowe continued to make loans to the corporation from his personal accounts and from money borrowed by him, in turn, from the Corpus Christi State National Bank, and received notes to evidence such loans and chattel mortgages on equipment owned by the corporation.

During the existence of the business dealings of the Plaintiff Lowe with Peacock and his corporation, he extended loans in excess of $100,000.00.

Two bank accounts were opened in the name of the corporation. One was the general account, and the other the payroll account. The only one authorized to sign checks on the general account was the Plaintiff, Jesse R. Lowe. The only one authorized to sign checks on the payroll account was W. P. Peacock, the president of the corporation.

The employees of the corporation were paid by checks drawn on the payroll account of the corporation. The checks would be prepared in the offices of the corporation by the bookkeeper and were for the net salary of the employees, after deduction for Withholding and Social Security taxes. They were signed by W. P. Peacock. The bookkeeper would take the same to Mr. Lowe with a tape showing the amounts of the different checks and their total, and Lowe, in turn, would issue a check on the general account made payable to the payroll account. Lowe knew at all times that the checks were for the net payroll and that no money was being put in the payroll account by him for the purpose of paying the Withholding and Social Security taxes.

On April 26, 1957, J. B. Parker, Jr., who was the bookkeeper for Peacock Corporation and who had been a bookkeeper for the sole proprietorship of Peacock before that time, prepared the Corporation's Form 941, Employer's Quarterly Payroll Report, setting forth the Withholding tax liability of the corporation, and prepared a check covering the tax liability for Mr. Lowe's signature. The report had been executed by W. P. Peacock. Jesse R. Lowe, the Plaintiff, claiming that there was not enough money to pay the amount shown on the first quarterly return, refused to sign the check and decided to wait until some accounts receivable were received.

The Plaintiff urges that the reason he did not sign the check when presented to him for his signature, was that there was not enough money in the general account to cover said payment.

The exhibits showing the ledger of said account in the bank, show that on April 26, 1957, there was $6612.05 in the account. The amount of the Employer's Quarterly Tax Return for the first quarter was $4622.15.

Checks on this account were paid by the bank to where on April 27, 1957, the

account was $6512.05; on April 29th, $5843.45; on April 30th, $3587.15; and on May 1, 1957, $318.59. There were no deposits between those dates.

The checks bringing the account down from what it was on April 26th to what it was on May 1st are not before the Court. There is no evidence as to when these checks were made out or to whom they were paid.

During the month of May, and particularly between May 2nd and May 8th, there was deposited to the general account over $22,000.00, $20,000.00 of which were loans that Mr. Lowe claims he made to the corporation.

From the facts before me, I find that Lowe preferred other creditors and paid other creditors what he rightfully should have paid to the Government, and that his refusal to sign the check for the Employer's Quarterly Federal Tax Return for the first quarter of 1957 was without reasonable cause and was willful within the meaning of Section 6672. Frazier v. United States, CCA 5, 304 F.2d 528.

I also find that Lowe was the "responsible person"[2] of the Peacock Corporation, whose duty it was to see that the taxes owed the Government were paid.

While Lowe argues that he did not operate the business, that he only signed the checks that were approved by Peacock, the fact still remains that on more than one occasion he refused to sign checks prepared for his signature, he knew that the taxes for the first quarter were due, and he failed to pay them. I, therefore, conclude and find that he is responsible for the taxes due for the first quarter of 1957, under Section 6672 of the Code.

The evidence before the Court, however, also shows that by the latter part of May, the Peacock Corporation was in serious difficulties. In order for Lowe to borrow money from the Corpus Christi State National Bank, and, in turn, lend that money to the Peacock Corporation, the Peacock Corporation was required to assign the proceeds from certain contracts to the Corpus Christi State National Bank. The corporation was doing some subcontracts under a general contractor by the name of Burnett. Burnett wanted to make sure that the creditors of Peacock were paid, and arrangements were made sometime in the latter part of May, 1957, between the bank, Lowe and Burnett that funds coming to Peacock Corporation would be brought into the bank and the bank would then proceed to issue cashier's checks for the payment of creditors and also to keep up the payrolls.

While it is true that Lowe signed a few checks on the general account, the evidence shows conclusively that for all practical purposes Lowe lost control, under the assignment of interest in the contracts given to the bank, of the funds of the corporation; so that as to any taxes due for the second and third quarters of 1957, Lowe was no longer the responsible person to have paid over those taxes, nor did he willfully fail to pay them, and therefore is not liable under Section 6672 for their payment.

The Government urges that under the by-laws of the corporation, Lowe should have deposited Withholding and Social Security taxes in a depository account as provided by law. I find that Lowe had nothing to do with the bookkeeping system of the corporation.

On July 30, 1957, Peacock Corporation filed a voluntary petition for bankruptcy, and was subsequently declared a bankrupt. Lowe filed a claim in the bankruptcy proceedings in the sum of $67,517.26 against the bankrupt estate, and all property securing said claim of Lowe was abandoned by the trustee in bank-

---

2. SEC. 6671. RULES FOR APPLICATION OF ASSESSABLE PENALTIES.

\* \* \* \* \*

"(b) *Person defined.*—The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."—(26 U.S.C.1958 ed. § 6671.)

ruptcy on application of Lowe. Lowe spent additional money completing contracts of the corporation, which he had guaranteed.

Judgment will, therefore, be prepared for entry as against the Plaintiff Lowe for all moneys due for his failure to pay the taxes of Peacock Corporation for the first quarter of 1957, and against the United States Government on their claim for taxes due on the second and third quarters of 1957.

Since the exact figures of the amount paid by Lowe and the amount actually due by him to this date are not before the Court, the parties will get together and agree on said figures; and if disagreement arises, will present their contentions to the Court for decision.

This will constitute the Findings of Fact and Conclusions of Law of the Court.

Clerk will make available to counsel for the parties a copy of this Memorandum.