John F. DeHAYES, Louis A. DeHayes,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. Nos. 30307, 30308.

United States District Court,
E. D. Michigan, S. D.

Nov. 4, 1970.

Francis W. McCauley, McCauley & MacLeod, Detroit, Mich., for plaintiffs.

David A. Wilson, Jr., Chief, Refund Trial Section No. 1, Tax Div., Dept. of Justice, Washington, D. C., and Harold Hood, Asst. U. S. Atty., Detroit, Mich., for defendant.

## OPINION

FREEMAN, Chief Judge.

Civil Action No. 30307 was brought by John DeHayes to attain a refund of $10,-904.44 from the United States for penalties collected from him under Section 6672 of the Internal Revenue Code of 1954, 26 U.S.C. § 6672. Civil Action No. 30308, brought by Louis DeHayes, also seeks a refund of $10,904.44, and involves factual allegations almost identical to those contained in Civil Action No. 30307.

The cases are now before this court on plaintiffs' motions for summary judgment and on a cross-motion for summary judgment filed by the Government in Civil Action No. 30308. Summary judgment is appropriate when:

"* * * the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *" Rule 56(c), Federal Rules of Civil Procedure.

Due to the similarity between the two suits, the motions for summary judgment will be discussed together.

In March 1960, plaintiffs acquired the outstanding capital stock of the D. J. Healy Shops, Inc., as a part of an arrangement in bankruptcy of the company. This was the first time either plaintiff had any affiliation with the D. J. Healy Shops, Inc.; John DeHayes became a director and executive vice president of the corporation, while Louis DeHayes became a director, president, and treasurer.

Federal withholding and F.I.C.A. taxes were not remitted by the D. J. Healy Shops, now bankrupt, for the second and third quarters of 1961. Louis and John DeHayes were the responsible officers of the corporation during that period. Consequently, the Commissioner of Internal Revenue assessed a penalty equal to the amount of taxes due from D. J. Healy for these quarters against both plaintiffs under Section 6672 of the Internal Revenue Code. Each plaintiff paid half of the assessment levied against him, thus totalling the amount of taxes due from the D. J. Healy Shops, Inc.

During 1961, the corporation's paymaster, Viola Sherk, made up the payroll on a weekly basis after deducting the withholding tax and Social Security tax. These checks were sent to the executive offices for the signature of either Louis or John DeHayes. Plaintiffs assert that each month the accounting office also sent a voucher and check for the withheld taxes for the signature of one of the plaintiffs. Plaintiffs further assert that one of them signed these checks and then returned the checks in due course for remittance. It is plaintiffs' contention that this procedure had been used prior to their affiliation with the company and that they merely continued it.

Plaintiff John DeHayes severed his affiliation with the corporation on January 3, 1962. In February of 1962, and

in April of 1963, D. J. Healy Shops entered into two tentative payment agreements with the Internal Revenue Service. Those agreements, signed by Louis DeHayes as president of D. J. Healy, gave the corporation the privilege of paying its delinquent taxes over an extended period of time. It is undisputed that other creditors of the corporation were paid after those agreements were executed and while D. J. Healy still owed the Government a substantial amount in tax arrearage.

Section 6672 of the Internal Revenue Code of 1954, in pertinent part, reads:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall * * * be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. * * *" 26 U.S.C. § 6672.

This section requires that the failure to pay withheld funds be *willful* before the penalty provided therein can be imposed. That word has been construed in several cases. In Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), the court stated:

"In our view there need not be present an intent to defraud or deprive the United States of the taxes collected or withheld for its account, nor need bad motives be present in order to invoke the sanctions of Section 2707 (a).[1] The decision of appellant as the responsible officer of the corporation not to have the corporation pay over to the government the withheld taxes *was a voluntary, conscious, and intentional act to prefer other creditors of the corporation over the United States.*

In our view such conduct was willful within the meaning of Section 2707 (a)" 272 F.2d at 223 (Emphasis added).

*Accord,* Frazier v. United States, 304 F. 2d 528 (5th Cir. 1962); Flan v. United States, 326 F.2d 356 (7th Cir. 1964); Spivak v. United States, 370 F.2d 612 (2nd Cir. 1967); Gefen v. United States, 400 F.2d 476 (5th Cir. 1968); and White v. United States, 372 F.2d 513, 521–522, 178 Ct.Cl. 765 (1967).

Hence, this court must determine whether either or both plaintiffs intentionally preferred other creditors of the corporation over the United States in deciding if plaintiffs are liable for a penalty under 26 U.S.C. § 6672. That determination, in turn, requires the resolution of such factual issues as when each plaintiff became aware the taxes in question were not being paid or had not been paid; whether the corporation had any funds from which tax arrearages could have been paid after this date; and whether either plaintiff was then in a position to cause corporate funds to be paid to the Government.

In an affidavit supporting his motion for summary judgment in Civil Action No. 30307, John DeHayes asserts he had no knowledge that the federal withholding and Social Security taxes for the second and third quarters of 1961 had not been paid by the corporation until he was informed by an Internal Revenue agent in February 1963. Yet, in his Complaint, he sets the date of his first knowledge of that matter in January 1962; while in his petition to the Commissioner of Internal Revenue for an administrative subpoena and in his answers to interrogatories, he sets that date in the late fall of 1961. A similar variance is disclosed upon examination of the claims for refund, Complaint, deposition,

---

1. Section 2707(a) of the Internal Revenue Code of 1939 is now Section 6672 of the Internal Revenue Code of 1954.

and interrogatories of Louis DeHayes in Civil Action No. 30308.

It is, therefore, apparent that John DeHayes' motion for summary judgment must be denied. There is a material question of fact concerning the date on which he learned that taxes for the second and third quarters of 1961 had not been paid; and whether, after learning that these taxes had not been paid, he preferred other creditors over the United States prior to severing his connections with the D. J. Healy Shops, Inc., in January 1962.

For the same reasons, plaintiff Louis DeHayes' motion for summary judgment in Civil Action No. 30308 must be denied. It is impossible to determine from the present record at what point in time Louis DeHayes learned of the corporation's failure to pay the withholding taxes and if any creditors were preferred by the corporation prior to its entering the tentative payment agreements with the Internal Revenue Service.

With respect to the Government's motion for summary judgment against Louis DeHayes, the issue is more difficult. The Government argues that even assuming *arguendo* that Louis De-Hayes did not learn of the corporation's failure to remit the withheld taxes until late February 1962, and assuming further that he did not knowingly prefer any creditors over the United States until after the tentative payment agreements with the Internal Revenue Service, the corporation's payment of other creditors subsequent to those agreements, but while delinquent taxes were still owed, caused Louis DeHayes to become liable for the tax arrearage under 26 U.S.C. § 6672. On the other hand, Louis De-Hayes contends that his decision to pay other creditors of D. J. Healy prior to liquidating its withholding tax liability was made in reliance upon the tentative payment agreements. He, therefore, concludes that his actions in paying other creditors after the execution of the first agreement were not "willful" within the meaning of Section 6672.

It is undisputed by the parties that the liability imposed by Section 6672, although denominated a penalty, is merely a means of insuring payment of withholding taxes by shifting the responsibility for payment from the corporation to the corporate official responsible for non-payment of the taxes. Botta v. Scanlon, 314 F.2d 392 (2nd Cir. 1963). It is also generally recognized that liability under Section 6672 is properly invoked whenever a responsible officer of a corporation decides not to pay over to the Government withheld taxes if that decision is a voluntary, conscious, and intentional act to prefer other creditors of the corporation over the United States. Bloom v. United States, 272 F.2d 215 (9th Cir. 1959). In addition, a tentative or "deferred" payment agreement between a corporation and the Internal Revenue Service will not terminate the personal liability of a corporate official under Section 6672 if that liability arose prior to the execution of such an agreement. Datlof v. United States, 252 F. Supp. 11 (E.D.Pa.1966), aff'd, 370 F.2d 655 (3rd Cir. 1966). The issue here, however, is whether Louis DeHayes became personally liable for the D. J. Healy Shops' withholding tax liability under Section 6672 when he paid other creditors of the corporation before liquidating that withholding tax liability in reliance on a partial payment agreement between the corporation and the Internal Revenue Service.

Plaintiff contends his reliance on the tentative payment agreements establishes that the payments to corporate creditors made subsequent to those agreements were not "willful" within the meaning of Section 6672. In support of that position, plaintiff cites the recent decision of the United States District Court for the Eastern District of Wisconsin in Monday v. United States, 294 F.Supp. 1384 (E.D.Wisc.1969).

The *Monday* case involves facts very similar to those now confronting this court:

"In March 1961, the Monday brothers went to the Milwaukee Internal Revenue Office to discuss the withholding tax arrearage. Despite the withholding tax arrearage, they were given specific permission by a supervisor in the Collection Department to continue to buy merchandise on a cash basis so that the Company could stay in business."

Moreover, the Government raised the same argument in support of the Monday brothers' liability under Section 6672 as it raises here:

"The Government argues that the action of the supervisor in giving the corporation permission to buy on a cash basis in no way relieved the Mondays of their legal responsibilities and therefore is immaterial. I agree that the action of the supervisor in no way relieved the Mondays of their legal responsibilities, but I believe it was admissible so that the jury could consider this evidence along with the other evidence in determining whether the Mondays' action was willful. This is especially so in view of the fact that the essence of the Government's case is that the Mondays bought * * * merchandise instead of paying the money over to the Government, and that this constituted a preference over the Government.

\*     \*     \*     \*     \*     \*

"The Government contends that if a responsible officer knew the taxes were due and the corporation had *any* money that was not used to pay the taxes, then the failure to pay was, as a matter of law, willful. In essence, the Government would impose on the responsible officer a form of strict liability for the taxes if there was any money coming into the hands of the corporation and if such officer knew the taxes were due and owing.

\*     \*     \*     \*     \*     \*

"I do not believe that to be the law. Congress said that for a person to be liable for the tax, he must be a responsible officer who *'willfully* fails to * * * pay over such tax * * *.' Consequently, an intentional failure which cannot be negated by a reasonable cause on the part of the responsible officer is essential to a finding of liability.

\*     \*     \*     \*     \*     \*

"The jury could find that *the specific permission given by the supervisor in the Collection Department of the Milwaukee Internal Revenue Office to buy merchandise on a cash basis, despite the withholding tax arrearage, constituted reasonable cause for failure to pay the taxes due."* 294 F.Supp. at 1386–1387. (Emphasis added.)

On the basis of this language, plaintiff Louis DeHayes concludes that his reliance on a partial payment agreement is evidence that he acted "with reasonable cause" and, therefore, not "willfully" within the meaning of Section 6672.

The District Court's decision in *Monday, supra,* however, has recently been reversed and remanded by the Seventh Circuit Court of Appeals, which expressly rejected the reasoning on which plaintiff here relies. The Court of Appeals stated:

"The Government asserts that it was improper for the district court to permit the jury to excuse acts done with 'reasonable cause' or 'justifiable excuse.' We agree that it was improper to include these terms in the instruction. * * *

"In criminal statutes 'willfulness' generally requires bad purpose or the absence of any justifiable excuse. * * * In civil actions, however, these elements need not be present. Rather, willful conduct denotes intentional, knowing and voluntary acts * * *

"The standard of willfulness should not be construed to include lack of 'reason-

able cause' or 'justifiable excuse.' \* \* \* The defenses countenanced by the district court's use of 'reasonable cause' and 'justifiable excuse' are inconsistent with the purposes of Congress to protect the sources of revenue by permitting recovery from those individuals charged with the responsibility of transferring withheld funds to the Government.

\* \* \* \* \* \*

"The chief defense presented by the Monday brothers revolves around their meetings with Edward Pietrzak, collection department supervisor of the Internal Revenue Service in Milwaukee, Wisconsin. The court below felt that the content of these meetings was relevant to the determination of willfulness \* \* \*

\* \* \* \* \* \*

"It was intended to negate any inference of bad faith or improper motivation by establishing reasonable reliance upon the representation that the moneys need not be \* \* \* remitted. Since, as seen, the Mondays are foreclosed from relying upon 'reasonable cause' or 'justifiable excuse' as an element of willfulness under this Section [6672], they may find no solace in the meetings in this respect." Monday v. United States, 421 F.2d 1210, 1215–1217 (7th Cir. 1970).

If this court were to adopt the reasoning of the Seventh Circuit Court of Appeals, then Louis DeHayes' decision to pay other corporate creditors, made after he was informed by the Internal Revenue of the corporation's withholding tax liability, would be "willful" as a matter of law in spite of the tentative payment agreements.

But in *Monday, supra,* the Court of Appeals also recognized that statements of Internal Revenue officials at the time a corporation with tax arrearage is given permission to continue business operations could estop the Government from seeking recovery against responsible corporate officers under Section 6672:

"In addition, plaintiff Robert W. Monday contends that as a result of these meetings [with the Internal Revenue] the government is estopped to seek recovery from the Company's officers under Section 6672. We disagree \* \* \*

\* \* \* \* \* \*

"Nor does the testimony of the content of the meetings support any claim that the Government should be estopped because of the statements made by Pietrzak. The first meeting of the Government's agent and the Company's representatives took place on November 30, 1960, \* \* \* Neither at that time nor at the subsequent meeting in March 1961, did Pietrzak give the Company or its individual officers any indication that they were relieved of their responsibilities under the various Sections of the Code \* \* \* In any event, the corporate and individual liabilities under Section 6672 are separate and distinct." *Monday, supra,* at 1217, 1218.

■ In our case, however, it is impossible to determine from the present record whether the Internal Revenue Service conveyed to Louis DeHayes that it would not attempt to seek recovery against him under Section 6672 if he paid other creditors of the D. J. Healy Shops, Inc., subsequent to the execution of the tentative payment agreements. That determination cannot be made until testimony on the contents of the meetings surrounding the execution of the tentative payment agreement is presented. Hence, the Government's motion for summary judgment must also be denied.

Appropriate orders may be submitted.