# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60546

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2016

Lyle W. Cayce
Clerk

JAMES LEE MCELHANEY,

Petitioner - Appellant

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee

Appeal from the Decision
of the United States Tax Court
TC No. 17561-14

Before KING, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

James Lee McElhaney appeals from the Tax Court's grant of summary judgment to the Commissioner of Internal Revenue regarding McElhaney's outstanding tax liability from 1998.  We AFFIRM.

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, James Lee McElhaney pled guilty to wire fraud.  As part of his plea agreement, McElhaney agreed to file corrected federal tax returns for the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60546

years 1998 through 2002 and pay any resulting back taxes, interest, and penalties. This appeal concerns his outstanding tax liability for the year 1998. In February 2005, McElhaney and his ex-wife, Lisa Price, entered into an agreement with the Internal Revenue Service ("IRS") regarding additional taxes owed and a fraud penalty for 1998. They both signed a Form 4549, in which they consented to immediate assessment and collection of the outstanding amount and waived their appeal rights with the IRS or the Tax Court. At that time, Price requested "innocent spouse" relief from joint and several liability. The IRS subsequently assessed the agreed-upon tax and penalty for 1998 along with interest and filed notice of a tax lien.

In January 2006, McElhaney was sentenced to 60 months' imprisonment and three years of supervised release for his wire fraud conviction. McElhaney began serving his sentence in March 2006. In January and March 2006, McElhaney received notices of the IRS's federal tax lien and his right to a Collection Due Process ("CDP") hearing, at which he could challenge the collection action and request payment alternatives. He did not request a CDP hearing in response to either notice.

In November 2006, because of Price's earlier "innocent spouse" relief request, the IRS followed internal procedures to create separate "mirrored" accounts for each spouse. The balance from the joint filing account for the 1998 tax liability was transferred to separate accounts for McElhaney and Price. In December, Price was granted "innocent spouse" relief, and the tax liability balance in her separate account was abated. The full tax liability balance remained in McElhaney's separate account.

McElhaney was released from incarceration and began his period of supervision in September 2009. One of the conditions of his supervised release required him to cooperate with the IRS and pay outstanding taxes, interest, and penalties. McElhaney claims that his probation officer instructed him to

No. 15-60546

request from the IRS statements for tax years 1998 to 2003. He did so. The IRS sent transcripts for the joint filing account for McElhaney and Price, which showed that the balance of the 1998 tax liability had been "transferred to split liability account" and then the liability had been subtracted from the account under the entry "Write-off of balance due." The transcript for 1998 had a zero balance. He claims he provided these transcripts to his probation officer.

In 2010, while still on supervised release, McElhaney claims he received a notice of tax due from the IRS for the tax years 1998 to 2003. He asserts that he sent copies of the joint filing account transcripts he had received previously and explained he thought the balance had been written-off. In August 2012, McElhaney received a letter from the probation office informing him that his supervised release period had ended.

McElhaney did not hear any more about his 1998 tax liability until February 2014, when he received a "Notice of Intent to Levy and Notice of Your Right to Hearing." He requested a CDP hearing and sent copies of the joint filing account transcripts that showed a zero balance. The IRS Office of Appeals sent McElhaney a letter scheduling a telephonic CDP hearing and explaining that the joint filing account transcript reflected a zero balance because the 1998 tax liability had been transferred to the spouses' separate accounts. The letter instructed McElhaney that he would be unable to challenge the underlying tax liability at the CDP hearing because he had not taken previous opportunities to do so. McElhaney also received a transcript for his separate account, which showed the balance due for 1998 was $113,588.58. After the telephonic CDP hearing, the IRS Office of Appeals issued a "Notice of Determination" sustaining the proposed levy action because all statutory, administrative, and procedural requirements had been met and McElhaney had offered no collection alternative.

No. 15-60546

McElhaney petitioned the Tax Court for review of the IRS Office of Appeals' decision. Both McElhaney and the Commissioner moved for summary judgment. The Tax Court denied McElhaney's motion, but granted the Commissioner's. The Tax Court held McElhaney could not challenge the underlying tax liability both because he had signed Form 4549, which contained a waiver of appeal, and because he had not taken previous opportunities to request a CDP hearing. The Tax Court also held the IRS Office of Appeals did not abuse its discretion in sustaining the proposed levy because McElhaney had failed to offer collection alternatives or submit the necessary financial information to proceed with a collection alternative. The Tax Court denied his motion for reconsideration. McElhaney appeals.

## DISCUSSION

On a petition for review from a CDP hearing, the Tax Court reviews the decisions of the IRS Office of Appeals regarding the underlying tax liability *de novo* and the other administrative determinations for an abuse of discretion. *Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003). We apply these same standards on *de novo* review of the Tax Court's decision to grant the Commissioner summary judgment. *Id.* We must determine whether the Commissioner has carried the burden of proving that there is "no genuine dispute as to any material fact" and that the Commissioner is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). McElhaney cannot rely on "[m]ere conclusory allegations" to survive summary judgment. *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).

As a preliminary matter, we note that McElhaney does not challenge parts of the Tax Court's ruling in his briefing. First, he does not address the Tax Court's holding that the IRS Office of Appeals did not abuse its discretion because he failed to offer any collection alternatives or submit the necessary

financial information to proceed with a collection alternative.  He also does not address the Tax Court's reliance on Form 4549.   These issues are treated as abandoned.  *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Instead, McElhaney argues that the tax liability was "written-off" or "settled" when the United States District Court, United States Attorney, and probation officer released him from supervision in 2012.  He contends that he can raise this argument now because the alleged settlement occurred after his earlier opportunities for a CDP hearing and is analogous to a bankruptcy discharge, which can be raised at a CDP hearing as a challenge to the appropriateness of collection actions.  *See* 26 U.S.C. § 6330(c)(2)(A)(ii).   He theorizes that the IRS directed him to settle his tax liability with the United States Attorney's office in a May 2007 letter.  He then claims that an August 2012 letter from the probation office concerning the end of his supervised release demonstrates that he satisfied all conditions of his supervised release, including resolving his tax liability.   McElhaney urges that his probation officer relied on the joint filing account transcripts with a zero balance to release him from supervision.

First, McElhaney cites no evidence supporting his speculation that the probation officer relied on the transcripts.  More fundamentally, his argument incorrectly assumes his supervised release could only end when he completed all of the conditions.   As the Commissioner argued below in Tax Court, supervised release simply ends when the time period expires, unless modified or terminated under Section 3583.   18 U.S.C. § 3583.   Aside from this argument, McElhaney fails to provide any evidence showing the 1998 tax liability was settled.   The letters he relies on do not demonstrate any settlement occurred.  Accordingly, McElhaney fails to show a genuine dispute of material fact to survive summary judgment.

No. 15-60546

McElhaney also claims summary judgment was improper because the Tax Court identified a question of fact when it denied McElhaney's summary judgment motion. This argument lacks merit. When a court reviews cross-motions for summary judgment, it must consider each independently. *White Buffalo Ventures, LLC v. Univ. of Tex. at Austin*, 420 F.3d 366, 370 (5th Cir. 2005). McElhaney's failure to meet his burden does not preclude the Commissioner from meeting his burden, especially when the Commissioner submitted more evidence with its motion.

Finally, McElhaney argues that the Commissioner is equitably estopped from collecting amounts owed for the year 1998 because the IRS had previously sent the joint filing account transcripts showing a zero balance. McElhaney never presented this argument to the Tax Court, so we do not consider it. *See Savers Fed. Sav. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 n.5 (5th Cir. 1989).

AFFIRMED.