ROBERT R. WILLIAMS, JOHN W. DUBOSE, RALPH B. FER-
GUSON, R. C. GARDNER and ALEXANDER ORR, JR., as and
constituting the City Commission of the City of Miami,
a municipal corporation, J. W. BULLOCK and OSCAR
DOOLY v. PUBLIC UTILITY PROTECTIVE LEAGUE OF FLOR-
IDA, and C. W. WILSON, C. P. SEARING, ROBERT ASKEW,
MARK R. CHARTRAND, W. D. PERRY and DR. E. S.
COURIC.

178 So. 286.

Division A.

Opinion Filed January 12, 1938.

*J. W. Watson, Jr.,* and *E. F. P. Brigham,* for Appellant; *John M. Murrell* and *Wm. H. Malone,* for Appellees.

TERRELL, J.—In February, 1933, the City Commission of Miami enacted rate ordinance Number 1066 by which electric rates for users in the city were fixed and materially reduced over the rates then in force. Before said ordinance became effective, Florida Power and Light Company instituted a suit in the United States District Court for the Southern District of Florida to enjoin its enforcement. The injunction prayed for was granted on March 25, 1933.

After the injunction was granted, a Special Master was appointed to make findings of law and fact. Hearings were had and much testimony was taken as a result of which he found that the rates fixed by ordinance 1066 were reasonable and just. The finding of the Special Master was approved by the United States District Court February 18, 1937.

In his final decree, the Court held that all moneys collected by the plaintiff, Florida Power and Light Company, for the rendition of electric service to customers in the City of Miami during the pendency of the injunction entered March 25, 1933, over and above that authorized by ordinance 1066 was wrongfully taken from them and should be restored. Detailed means were prescribed for computing and paying the amount found to be due them.

The present suit was instituted by the Public Utility Protective League of Florida, a Florida Corporation, in May, 1934, against the City Commission of the City of Miami to enjoin it from entering into negotiations for the purpose of compromising or contracting away ordinance 1066 of said city and from entering into any compromise, or contract fixing the rates of electricity in the city contrary to said ordinance.

In May, 1934, after notice and argument, the Chancellor entered an order restraining the City from entering into any contract impairing the validity or effectiveness of ordinance 1066, but the said restraining order provided in terms that the City Commission should be enjoined from meeting to discuss the merits of the controversy heretofore referred to pending in the United States District Court and from considering proposed compromises and settlements of said litigation or from obtaining any light thereon.

In the injunctive order granted in May, 1934, other parties were permitted to intervene and plead to the bill of complaint. In May, 1934, the interveners moved to dissolve the injunction and dismiss the bill of complaint. No further proceedings were had in the cause for more than three years, August 19, 1937, when the present appellants, as defendants, moved that they be substituted for the original defenders on the theory that they had been duly elected as city commissioners to succeed the original defendants. Order of substitution was granted.

The substituted defendants at once moved to dissolve the temporary restraining order and to dismiss the bill of complaint. Both motions were on hearing denied with the proviso that the City Commissioners should not be restrained from exercising their legislative functions pursuant to powers granted them by the City Charter. From this decree, the instant appeal was prosecuted.

The bill of complaint is predicated on the theory that complainants have a vested right in and to the fruits of the judgment found in their favor by the United States District Court for the Southern District of Florida heretofore referred to and that defendants are about to settle or compromise that judgment in such manner as to defeat their rights therein.

The questions urged before this Court are predicated on the premise that Complainants, appellants here, are without authority to enjoin the City Commission from entering into negotiations with the Florida Power and Light Company (against whom the judgment in the Federal Court was secured) for the purpose of settling or compromising said litigation merely because of a fear that it will be compromised contrary to Ordinance 1066 or other rate ordinance.

As an abstract proposition of law, the power of the City to compromise, settle, and compose litigation of any kind to which it is a party is an incident to and implied from its power to sue and be sued. Like the power to legislate and negotiate it will not be restrained from exercising such power by a court of equity on a mere showing of belief, fear, or apprehension that some wrong or injury will be done, or when the injury is conjectural or speculative. Relief under such circumstances will be granted only in cases where the pleadings and the proof show clearly that the resulting injury will be irreparable and the remedy at law inadequate.

The bill of complaint shows that the complainants are residents of Miami, that they are consumers of electricity from Florida Power and Light Compnay, that prior to commencement of hearings before the master Florida Power and Light Company and its affiliates held out inducement to defendants to enter into a compromise agreement with it for settlement of the issues involved in the litigation re-

ferred to herein pending in the Federal Court, that in May, 1934, defendants adopted a resolution requesting the Florida Power and Light Company to submit to them a proposition on which it would be willing to compromise and settle the issues involved in said litigation and that defendants are proceeding to and preparing to enter into a conference with Florida Power and Light Company on May 21, 1934, for the express purpose of compromising and settling said litigation.

At the time the motion was made by defendants to dismiss the bill of complaint in this cause, the Federal Court had prior thereto, on February 18, 1937, entered its final decree wherein it held that approximately 30,000 consumers of electricity from Florida Power and Light Company in the City of Miami were entitled to a refund aggregating approximately $3,000,000.00 because of charges in excess of that allowed by rate ordinance 1066. The final decree further ordered that the said refund be paid to the consumers.

The complainants, appellees here, contend that since the award to them represented excessive rates paid by them over and above those provided by ordinance 1066, and that since the said excess had been decreed to them by the Court they had acquired a vested right therein and that if the City Commission entered into an agreement with the Florida Power and Light Company whereby the litigation in the Federal Court should be settled and the judgment against it cancelled, Appellees would have no remedy at law and would thereby suffer irreparable injury.

In our judgment, this state of facts was sufficient showing of irreparable injury so the Circuit Judges did not abuse the discretion vested in them when they entered the orders appealed from. The 30,000 consumers of electricity affected by the final decree in the Federal Court were not

parties to that litigation. If the decree in their favor be cancelled or emasculated, they could not in reality bring that many actions against the Florida Power and Light Company and would consequently be prevented from realizing on the judgment. The City Commission may, by ordinance, fix rates for electric service or it may contract with a third party to furnish electric service, but it has no power to enter into contract with a third party to fix such rates for the City.

When the bill of complaint was filed in May, 1934, it was alleged that large amounts were due consumers in Miami for overpayments on electrical service. When the temporary restraining order against the City was granted in the Federal Court, it, the Power & Light Co., was required to post bond to secure any amount found to be due. The pleadings as now cast do not contemplate any accumulations under the bond.

We find no error in the decrees appealed from in so far as they conform to the law of the case, but we think the judgment should be reversed for the purpose of recasting the pleadings to more accurately state the equities and conform to the facts as they now exist.

It is so ordered.

ELLIS, C. J., and BUFORD, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.