James R. **CASH**, Appellant,

v.

**Ellis CAMPBELL, Jr., District Director of Internal Revenue, et al., Appellee.**

No. 21231.

United States Court of Appeals
Fifth Circuit.

May 20, 1965.

Ronald M. Mankoff, Durant, Mankoff & Davis, Dallas, Tex., for appellant, Mary Neal Sisk, Dallas, Tex., on the brief.

Carolyn R. Just, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter, Attys., Dept. of Justice, Washington, D. C., H. Barefoot Sanders, U. S. Atty., Dallas, Tex., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

RIVES, Circuit Judge.

The appellant's brief asserts:

"The sole question presented for review is whether on the evidence as presented the trial court could have properly held that appellant 'knowing at all times during the period involved of his obligation to collect, truthfully account for and pay over the withholding and social security taxes, and having failed to pay over such taxes and having preferred subsequent creditors over the United States, such failure to pay over the taxes to the United States was without reasonable cause and therefore willful within the meaning of § 6672.' (R. 262, 'Conclusions of Law')." [1]

---

1. The reference is to section 6672 of Title 26 U.S.Code, in pertinent part as follows:

"§ 6672. *Failure to collect and pay over tax, or attempt to evade or defeat tax*

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over."

Casco Chemical Corporation began business [2] in 1958 and ceased business in the spring of 1960, except for the receipt of certain income and the payment of liabilities other than taxes. Its last payments of the withholding and social security taxes withheld from its employees were for the first two quarters of 1959. On January 11, 1963, a penalty assessment pursuant to section 6672 was made against the appellant in the amount of $15,335.31, representing the employees' portion of the social security taxes and the employees' income taxes withheld for the third and fourth quarters of 1959 and the first and second quarters of 1960. The appellant paid $114.55, an amount sufficient to cover the penalty for the third quarter of 1959 applicable to one employee and then filed a claim for a refund of the amount paid. The claim was disallowed and appellant filed suit against the Director. The United States intervened and filed its complaint in intervention against the appellant for the amount of the penalty assessment less the $114.55 and less the sum of $621.35 obtained by administrative levy. After trial, the district court entered its findings of fact and conclusions of law and rendered judgment against the appellant in the principal amount of $13,385.27, plus interest. This appeal ensued.

The appellant was president, chairman of the board and general manager of the corporation from its inception in 1958 until its demise in 1960. He signed the corporation's quarterly tax returns for each of the four quarters for which the taxes were not paid. He testified that until January 22, 1960, he was not aware that those returns were forwarded without payment of the taxes shown to be due.

There was ample evidence to support the district court's finding that the appellant was the responsible officer of Casco whose duty it was to collect, account for and pay over its withholding and social security taxes. Among other such evidence, Casco's bookkeeper testified that when the appellant was in the office

he had "the final say as to what checks would be prepared, for who and in what amount."

Corporate funds were deposited into the personal bank account of the appellant as follows:

"1959

| "February | $ 1,264.59 |
| November | 65,206.73 |
| December | 90,680.11 |

"1960

| "January | 34,296.41 |
| February | 16,537.55 |
| March | 21,794.97 |
| April | 20,935.98 |
| May | 10,289.65 |
| June | 15,000.00 |
| October | 15,000.00 |
| TOTAL | $291,005.99" |

The appellant used those funds to pay corporate creditors other than the government. From all of the evidence we cannot say that the district court was clearly erroneous in finding that "the plaintiff [appellant] was at all times aware of the financial condition of the corporation and knew at all times that the withholding and social security taxes withheld from the employees for the quarters involved herein had not been paid to the Government."

The appellant insists, however, that his failure to pay the taxes was not willful because it was premised upon reasonable cause. Construing this statute in Frazier v. United States, 5 Cir. 1962, 304 F.2d 528, 531, we held that "without reasonable cause" is part of the civil test in determining whether the failure to pay was willful. See also Dillard v. Patterson, 5 Cir. 1963, 326 F.2d 302, 304, 305.

Approximately seventy per cent of Casco's total sales were to Bunge Corporation of New York. The first National Bank in Dallas advised Bunge that it was the assignee of Bunge's accounts payable to Casco. Casco denied that the Bank

2. Buying and selling inedible tallow and grease.

held any such assignment. On January 6, 1960, Bunge deposited in the United States District Court for the Northern District of Texas $74,912.20 which it claimed to be the total sum owed to Casco. Casco's accountant and its attorney advised the appellant that the government had a prior lien on this fund. Significantly, however, neither of them advised the appellant not to pay the taxes as they became due. The government revenue agent was advised of this fund and of the government's apparent priority. The government ultimately elected not to file a claim and the fund was distributed to Casco's creditors other than the government. See Casco Chemical v. Superintendence Co., 5 Cir. 1964, 335 F.2d 645.

■ The government was not required to look to the Bunge fund for the payment of its taxes. It at no time assured the appellant that it would do so. We agree with the district court that the appellant's assumption that the government would get its taxes out of the Bunge fund did not furnish reasonable cause for the appellant's failure to pay the taxes.

■ Finally, appellant seeks to go beyond "the sole question" quoted from its brief at the outset of this opinion, and makes what appears to us to be a half-hearted attack upon the constitutionality of section 6672, that it is a non-uniform, direct tax in violation of art. 1, § 2, cl. 3, § 8, cl. 1, and § 9, cl. 4 of the Constitution. We do not find where any such contention was made in the district court. Assuming that it can be made on appeal for the first time, it does not appear to have enough substance to require discussion and decision. As was said in Dillard v. Patterson, 5 Cir. 1963, 326 F.2d 302, 304: "Unless the Government has recourse for collection of the tax from the employer or the responsible agent of the employer, the tax is lost." The statute seems clearly a valid measure imposing upon the responsible agent civil liability for failure to collect or pay over the taxes.

Finding no reversible error in the record, the judgment is affirmed.