Robert J. **ROSTYKUS**, Plaintiff,

v.

Carol Alston **ROSTYKUS**, Defendant,

United States of America, Intervenor.

Civ. No. 72–279.

United States District Court, W. D. Oklahoma, Civil Division.

May 23, 1974.

See also, D.C., 352 F.Supp. 62.

Robert J. Rostykus, pro se.

Ben L. Burdick, Oklahoma City, Okl., for defendant.

John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for intervenor.

MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

Following a non-jury trial herein the Court makes the following findings of fact and conclusions of law and decision herein:

The United States of America intervened in this action to reduce to Judgment certain outstanding Federal tax assessments against Plaintiff Robert J. Rostykus (Rostykus) and to foreclose its Federal tax liens arising from these assessments against certain personal property of Rostykus in storage with DeWitt Moving and Storage Company in Los Angeles, California. The United States and the Defendant Carol Alston Rostykus have entered into an agreement whereby she has agreed to forego any claim to the personal property now remaining in storage in Los Angeles as between the two of them.

A delegate of the Secretary of the Treasury on December 4, 1971 made timely assessments against Rostykus in the amount of $72,611.62 for the fourth-quarter of 1969 and in the amount of $114,069.59 for the first quarter of 1970, pursuant to Section 6672 of the Internal Revenue Code [1] on the grounds that Rostykus as a responsible official of Universal Programming, Inc. (Universal) wilfully failed to collect, truthfully account for, and pay over to the United States amounts required to be withheld from wages paid by Universal to its employees. As a result of said assessment Rostykus is claimed to be indebted to the United States in the sum of $186,681.21 plus interest as provided by law.

Universal failed to withhold and pay over to the United States Withholding and Federal Insurance Contribution Act taxes due on wages paid to its employees during the fourth quarter of 1969 in the amount of $85,466.23 and for the first quarter of 1970 in the amount of $140,572.63. During various times during the fourth quarter of 1969 and the first quarter of 1970 and during April, 1970 there were sufficient funds available in the corporate bank accounts of Universal which could have been used to pay the taxes set out above. Rostykus was during the period from October 1, 1969 to May 1, 1970 the Chairman of the Board of Universal as well as the principal stockholder of said corporation.

On April 28, 1970 Rostykus signed and delivered to Revenue Officer Stanley Cohen Internal Revenue Form No. 941, Employers' Quarterly Federal Tax Return for Universal which showed a liability of Universal for Withholding and Federal Insurance Contribution Act tax for the period ending December 31, 1969 of $85,466.23.

On April 29, 1970 Rostykus caused to be delivered to Revenue Officer Stanley Cohen Internal Revenue Form No. 941, Employers' Quarterly Federal Tax Return for Universal for the period ending March 31, 1970 which showed a liability of Universal for Withholding and Federal Insurance Contribution Act taxes in the amount of $129,600.00 and the return was signed by Robert J. Pritchard, an employee of Universal. No payment was remitted with that return.

On May 4, 1970, an accountant, employed by Universal through the President of Universal, Robert Wright, delivered to the Internal Revenue Service with the approval of the President of Universal an amended Employers' Quarterly Federal Tax Return Form No. 941 for Universal for the period ending March 31, 1970 which showed a liability of Universal to the United States for Withholding and Federal Insurance Contribution Act taxes in the amount of $140,572.63. No payment was remitted with that return.

Rostykus, holding the title of Chairman of the Board, was during the period from October 1, 1969 to May 4, 1970, active in acquiring and maintaining adequate financing for, and in directing and approving expenditures of, Universal. Rostykus directed subordinate officials

1. 26 U.S.C. § 6672.

472

at Universal not to deposit withheld taxes on employees' wages during the fourth quarter of 1969 and was aware that no provision for collection and deposit of these taxes was being made for the corporation during the first quarter of 1970. Rostykus was during the period from October 1, 1969 through April 30, 1970 one of three persons authorized to draw checks against the General Corporate Account of Universal to pay corporate liabilities. During January, February and March, 1970 Rostykus himself drew checks against the General Corporate Account of Universal payable either to himself or creditors of Universal in an amount in excess of $20,000.00 and at the time these checks were drawn, Rostykus knew that the Withholding and Federal Insurance Contribution Act tax liability of Universal Programming, Inc. for the fourth quarter of 1969 and the first quarter of 1970 was not being met.

Jurisdiction of this case is conferred upon this Court by Title 28 U.S.C., Sections 1340 and 1345 and under Section 7402 of the Internal Revenue Code of 1954 (26 U.S.C. § 7402).

■ At the time the assessments were made against Rostykus on December 14, 1971 in the total amount of $186,681.21, as aforesaid, Universal was in fact indebted to the United States for Withholding and Federal Insurance Contribution Act taxes for the fourth quarter of 1969 and the first quarter of 1970 in said total amount. The assessment made against Rostykus in the said amount of $186,681.21 constitutes prima facie evidence of the amount due from Rostykus to the United States and Rostykus has the burden by showing by a preponderance of the evidence that the assessment is incorrect. United States v. Lease, 346 F.2d 696 (Second Cir. 1965); United States v. Strebler, 313 F.2d 402 (Eighth Cir. 1963); United States v. Rindskopf, 105 U.S. 418, 26 L. Ed. 1131 (1881). Rostykus has failed to introduce substantial evidence to overcome the presumption of correctness which attaches to the assessment in the total amount of $186,681.21 as made against him.

■ Moreover, Rostykus was during the period from October 1, 1969 to March 31, 1970 a person within the meaning of Section 6672 of the Internal Revenue Code (26 U.S.C. § 6672) who was required to collect, truthfully account for and pay over to the United States Withholding and Federal Insurance Contribution Act taxes in the amount of $186,681.21 due on wages paid by Universal to its employees. The Court finds and concludes from the evidence that Rostykus wilfully failed to collect, account for and pay over to the United States such taxes. Dillard v. Patterson, 326 F.2d 302 (Fifth Cir. 1963); Bloom v. United States, 272 F.2d 215 (Ninth Cir. 1959); Flan v. United States, 326 F.2d 356 (Seventh Cir. 1964).

■ By virtue of the assessment made against Rostykus as set forth above Federal tax liens arose on the date of the assessments and attached to all property owned or hereafter acquired by Rostykus including the personal property in storage in Los Angeles, California as above stated. Section 6321, Internal Revenue Code of 1954 (26 U.S.C. § 6321). The United States of America is entitled to have Judgment against Rostykus in the amount of $186,681.21 and is entitled to have its tax liens outstanding against Rostykus foreclosed against the personal property of Rostykus in storage in Los Angeles, California and to have said property sold at judicial sale and the net proceeds paid over to the United States to the extent necessary to satisfy the outstanding tax liabilities adjudged herein against Rostykus.

Counsel for Intervenor United States of America will prepare an appropriate Judgment based on the foregoing and submit the same to the Court for signature and entry herein.