506 F.2d 755
 75-1 USTC P 9201
 Richard T. HIGH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Third-Party
Plaintiff-Appellee, Stan E. HALL, Third-Party-Defendant.
No. 74-3497. Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Jan. 17, 1975.
 
 William J. Beiswanger, Palm Beach, Fla., for Richard T. High.
 Robert W. Rust, U.S. Atty., Lawrance B. Craig, III, Asst. U.S. Atty., Miami, Fla., Scott P. Crampton, Asst. Atty. Gen., William A. Friedlander, Robert A. Bernstein, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., Gilbert E. Andrews, Acting Chief, Appellate Section, Dept. of Justice, Washington, D.C., for United States.
 Paul E. Gifford, Miami, Fla., Williams, Geilich & Potter, Melbourne, Fla., for Stan E. Hall.
 Appeal from the United States District Court for the Southern District of Florida.
 Before COLEMAN, DYER and RONEY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Internal Revenue Service disallowed High's claim for refund of income and social security taxes in the amount of $21,998.62. The district court granted the government's motion for summary judgment and dismissed the complaint. This appeal ensued. We affirm.
 
 
 2
 High was chief executive officer of Mardik Construction Company, Inc. During the last three quarters of 1970 and the first quarter of 1971, the income and social security taxes withheld from the employees' wages were not remitted to the government.
 
 
 3
 Under Section 6672 of the Internal Revenue Code any person required to collect, account for and pay over any tax, and who willfully fails to discharge that duty is liable for a penalty equal to the amount of the unpaid tax.
 
 
 4
 High admitted that he was aware of his obligation to the United States, but that he preferred laborers, materialmen and other creditors (1) because of fear of committing a crime under Florida law if he did not make payment to these persons; (2) he wished to avoid giving these parties the opportunity to file mechanics' liens; and (3) he wanted to avoid a penalty for late payment. These reasons, he argues, established lack of willfulness and involuntariness. We disagree.
 
 
 5
 It seems clear that from High's own evidence that the corporate receipts were sufficient to pay both the withheld taxes and the creditors. Moreover, we have the benefit of no precedent that would indicate or even intimate that the payment to the government of the withheld funds belonging to it would constitute an act with intent to defraud within the meaning of the criminal Florida Statute, F.S.A. 713.34(3). We are simply unwilling to accept such a specious argument. In any event, High's difficulty in meeting his payrolls does not justify using the government's trust fund money to bail himself or his corporation out of any predicament his inability to pay the laborers placed him in. High's desire to avoid mechanics' liens and penalties is palpably without merit as grounds for taking him out of the ambit of willfulness. We find that High willfully failed to pay over the withheld taxes. Liddon v. United States, 5 Cir. 1971, 448 F.2d 509; Newsome v. United States, 5 Cir. 1970, 431 F.2d 742; United States v. Hill, 5 Cir. 1966, 368 F.2d 617; Cash v. Campbell, 5 Cir. 1965, 346 F.2d 670; Dillard v. Patterson, 5 Cir. 1963, 326 F.2d 302.
 
 
 6
 High's next contention that the government should have been required to proceed first against his prime contractors before seeking to recover from him is unpersuasive. The prime contractors paid Mardik sufficient funds for both net wages and withholding taxes. To be liable they must have 'actual notice or knowledge . . . that such employer (Mardik) does not intend to or will not be able to make timely payment or deposit of the amounts of tax required . . . to be deducted and withheld by such employer.' Section 3505 of the Internal Revenue Code of 1954. Thus there is no factual basis upon which to predicate liability of the prime contractors.
 
 
 7
 We have examined the other contentions of High and find them without merit.
 
 
 8
 Affirmed.