Mr. John G. Burke Acting Secretary Department of Veteran and Community Affairs 2571 Executive Center Circle, East Tallahassee, Florida 32301
Dear Mr. Burke:
This is in response to your request for an opinion on the following question:
 DOES PART III, CH. 420, F.S., PERMIT THE DEPARTMENT OF COMMUNITY AFFAIRS TO ACCEPT A "DEED IN LIEU OF FORECLOSURE" WHEN AN ELIGIBLE BORROWER HAS DEFAULTED ON ITS LOAN?
Chapter 420, F.S., known as the "Florida Housing Act of 1972," includes, as Part III thereof, the "Florida Housing Land Acquisition and Site Development Act of 1979." It is stated, inter alia, in s 420.201, F.S., that:
 Assistance in the provision of safe and sanitary dwelling accommodations, as well as the acquisition and development of land for the creation of a suitable living environment for persons and families of low or moderate income, are exclusively public purposes and uses for which public moneys may be borrowed, expended, advanced, or loaned. Such activities serve a public purpose in improving or otherwise benefiting the people of this state.
Section 420.201(6), F.S.
Pursuant to provisions of this part a separate "revolving land acquisition and site development trust fund" is established in the State Treasury. Section 420.203, F.S. Section 420.204(1), F.S., authorizes the secretary of the department to make loans to eligible borrowers (a county commission, a municipal council or commission or agency thereof, a housing authority, or the governing body of a federally recognized tribe of Indians) for the acquisition and development of suitable sites for housing for persons of low or moderate income, as defined in s 420.202(5), F.S., after making certain determinations (set forth in paragraphs (a)-(c) of this subsection). Such loan recipients are required to use borrowed trust fund moneys "to purchase or contract to purchase from any person, firm, corporation, municipality, county, or federal or state agency real property and provide for such improvements to the real property that the loan recipient and the secretary determine are reasonably necessary for development of housing and housing-related facilities for persons of low or moderate income." Section 420.204(2), F.S. In addition to other terms or conditions which the secretary may require, each loan agreement must, among other things, provide for reasonable security for the loan which shall consist of a promissory note secured by either a mortgage on the property to be improved or to be purchased and improved from the proceeds of the loan or other forms of collateral acceptable to the secretary. Section 420.205(1)(c), F.S. Section 420.207, F.S., provides that:
 In the event of default on a loan, the secretary is empowered on behalf of the state to foreclose on any mortgage or security interest or commence any legal action to protect the interest of the state and recover the amount of the unpaid principal, accrued interest, and fees on behalf of the fund.
If there is a default on the loan by the borrower, the secretary of the department is authorized and empowered to bring a foreclosure action or commence any legal action to protect the state's interest. The information supplied to this office indicates that several loan recipients have defaulted on their loans under this part and that the Department of Community Affairs has accepted warranty deeds on the unsold lots in satisfaction of the mortgage obligations rather than initiating foreclosure proceedings on the mortgages or commencing other legal action. The issue, therefore, is whether the specific grant of power to bring legal action to protect the state's interest under Part III, Ch.420, F.S., impliedly includes the authority to compromise a claim subject to legal action by accepting a deed in lieu of foreclosure.
While there does not appear to be any legal precedent on this issue in Florida, analogies may be drawn from cases dealing with the authority of other governmental entities to compromise legal actions. Generally, with regard to counties, the county board is the agent of the county to arrange for and collect county finances and this power includes the right to institute and conduct all suits and proceedings looking to the fiscal affairs of the county. The members of the board have a wide discretion in the performance of this duty and are not required to sue a debtor of the county where they know that nothing can be recovered. In addition, compromises and settlements of claims which are owed to the county, or litigation which is based on such claims, are generally upheld by the courts in the absence of a showing of fraud or collusion. See generally, 20 C.J.S. Counties s 233. In prior opinions this office has concluded that a board of county commissioners has the power to compromise judgments and settlements of accounts owed to the county. See, AGO's 42-98, February 28, 1942, Biennial Report of the Attorney General, 1941-1942, p. 135 (board of county commissioners has authority to compromise and settle judgments upon estreated bonds) in which it is stated that "[t]he law is well settled by a decided weight of authority that the County Commissioners have the power to compromise or settle claims which the county may have prior to judgment thereon"; 60-90 (county board may compromise disputed claims provided it exercises sound discretion in obtaining a compromise which is beneficial to the county's interest and the settlement is made in good faith and is free of fraud or collusion; the county board may compromise claims which are not subject to dispute pursuant to the same standards of discretion and good faith provided that some benefit to the county is obtained). With regard to the authority of the governing body of a municipality to compromise litigation, see, Williams v. Public Utility Protective League, 178 So. 286, 287 (Fla. 1938) (". . . the power of the city to compromise, settle, and compose *3157 litigation of any kind to which it is a party is an incident to and implied from its power to sue and be sued."). Based on the foregoing, the authority of a county or municipal governing body to compromise or settle claims or litigation to which it is a party is clearly established and, by analogy it may be stated that a unit of state government or a state agency authorized to sue or foreclose on claims of or obligations to the state, like a unit of local government, has reasonable discretion in the performance of its statutorily imposed duties and may compromise and settle contractual claims of the state or litigation to which it is a party, as long as such a compromise is beneficial to the state and is made in good faith.
Generally, the duties of a public office include those which lie fairly within its scope, those essential to the accomplishment of the main purpose for which the office was created, and those which, although incidental and collateral, serve to promote the accomplishment of the principal purposes. See, Hall v. State,187 So. 392, 398 (Fla. 1939). See generally, 67 C.J.S. Officers s 197. If a statute imposes a duty on a public officer to accomplish a stated governmental purpose, it also confers by implication every particular power necessary or proper for the complete exercise or performance of such a duty that is not in violation of law or public policy. In re Advisory Opinion to the Governor,60 So.2d 285, 287 (Fla. 1952); Peters v. Hansen, 157 So.2d 103 (2 D.C.A.Fla., 1963); State ex rel. Martin v. Michell, 188 So.2d 684
(4 D.C.A.Fla., 1966), cert. discharged Martin v. State,192 So.2d 281 (Fla. 1966). To enforce its rights or redress wrongs against it, the state, as a political corporation, may ordinarily avail itself of any remedy or form of action which would be open to a private suitor under similar circumstances. When an action is brought by the state it is generally subject to, and its right to relief is usually determined in accordance with, the ordinary rules of law which have been established for the administration of justice between private litigants. See generally, 81A C.J.S. States s 308. Like other litigants the state is entitled to make a decision to only litigate civilly where such litigation if successful would be profitable. 81A C.J.S. supra (1982 Supp.).
The Secretary of the Department of Community Affairs is authorized, pursuant to Part III of Ch. 420, F.S., to promulgate rules and regulations to insure that the purposes of the act are carried out and that the interests of the state are adequately protected. The department has enacted Rule 9B-23.10, F.A.C. (Vol. 9, No. 10, Fla. Admin. Weekly, March 11, 1983) which provides in pertinent part that:
 In the event of a default on the loan, the Secretary is empowered on behalf of the State to accelerate the promissory note and bring action upon the note, foreclose any mortgage or security interest, accept a deed in lieu of foreclosure, commence any other legal action to protect the interest of the State and recover the amount of the unpaid principal, accrued interest and fees on behalf of the Land Fund . . . . (e.s.)
This rule, promulgated pursuant to s 420.206, F.S., specifically empowers the secretary to accept a deed in lieu of foreclosure in the event that a borrower defaults on such a loan. Compare, Rule 9B-2.09, F.A.C. (repealed and superseded by Rule 9B-23.10, supra) which stated only that "[i]n the event of a default on the loan, the Secretary is empowered on behalf of the State to foreclose any mortgage or security interest or commence any legal action to protect the interest of the State and recover the amount of the unpaid principal, accrued interest and fees on behalf of the fund . . . ." Rule 9B-2.09(1), F.A.C. Rules and regulations of an administrative agency made under power conferred by statute are prima facie justified and have the force and effect of law until judicially determined otherwise. In re Briley's Estate,21 So.2d 595 (Fla. 1945); Florida Livestock Board v. Gladden, 76 So.2d 291
(Fla. 1954); Florida Citrus Commission v. Golden Gift, 91 So.2d 657
(Fla. 1956).
In sum, the Secretary of the Department of Community Affairs is authorized by Part III of Ch. 420, F.S., to foreclose or bring any action to protect the interest of the state in the event of a default on a loan. See, s 420.207, F.S. Implicit in this authority to bring an action to protect the interest of the state is the authority to compromise or settle contractual claims of the state or litigation to which the state is a party if this is determined by the department in its reasonable discretion to be in the interest of and beneficial to the state and is done in good faith. Further, the secretary is empowered, pursuant to Rule 9B-23.10, F.A.C., to accept a deed in lieu of initiating foreclosure proceedings against a borrower who defaults on a loan under Part III, Ch. 420, F.S.
Therefore, it is my opinion, until legislatively or judicially determined otherwise, that the Secretary of the Department of Community Affairs is authorized pursuant to Part III, Ch. 420, F.S., and rules promulgated thereunder which are prima facie valid to accept a "deed in lieu of foreclosure" when an eligible borrower has defaulted on its loan.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General