Honorable Gerald Lewis Comptroller
QUESTION:
1. What authority exists for state government to pay the tax imposed by 26 U.S.C. § 3101?
2. Does the governmental entity have an enforceable undisputed claim against the employee and an obligation to seek reimbursement for the uncollected employee tax which the governmental entity remitted to the Internal Revenue Service on behalf of the employee?
3. Under what circumstance, if any, may a governmental entity either before or after certification under s. 17.041(5), F.S., legally discharge or forgive the claim without receipt of reimbursement?
SUMMARY:
1. The responsibility and liability of state government to pay the tax imposed by 26 U.S.C. § 3101 is governed by federal law and by the provisions of an agreement entered into by the federal government and the state pursuant to Ch. 650, F.S.
2. A governmental entity has a claim against the employee and an obligation to seek reimbursement for improper payments. Whether recovery is possible will depend upon particular facts of the situation.
3. If a county or district account or claim has been certified to the Department of Banking and Finance pursuant to s. 17.041, F.S., such an account or claim may not be settled for less than the amount due according to law without the written consent of the department.
AS TO QUESTION 1:
Pursuant to 26 U.S.C. § 3102(b), "[e]very employer required so to deduct the tax [26 U.S.C. § 3101] shall be liable for the payment of such tax . . . ." The employer is required to collect the tax by deducting the amount of the tax from the wages of the employee as and when paid.[1]
In defining "employment" for purposes of the Federal Insurance Contributions Act (FICA), 26 U.S.C. § 3121(b) excludes service performed in the employ of a state, any political subdivision or any instrumentality thereof, except in the case of
 (7)(E) service included under an agreement entered into pursuant to section 218 of the Social Security Act; or (F) service in the employ of a State . . . of any political subdivision thereof, or of any instrumentality of any one or more of the foregoing which is wholly owned thereby, by an individual who is not a member of a retirement system of such State, political subdivision, or instrumentality, except [as provided therein] . . . .[2]
Section 650.03, F.S., authorized the Division of Retirement of the Department of Administration, with the approval of the Governor and on behalf of the state, to enter into an agreement with the Federal Security Administrator for purposes of extending the benefits of the Federal Old-age and Survivors Insurance System to employees of the state and its political subdivision. You have advised this office that such an agreement has been entered into by the division with the federal government.
Section 650.04(1), F.S., requires every state employee whose services are covered by the agreement to pay, while covered, a contribution equal to the amount of employee tax which would have been imposed by FICA if such services constituted employment within the meaning of the federal act.[3] Pursuant to s.650.04(2), F.S., the contribution shall be collected by deducting the amount of the contribution from the employee's wages. Rule3A-31.228, F.A.C., promulgated by the Department of Banking and Finance (department), states that the Social Security Act requires that each state employee covered by federal-state agreement be required to pay a tax imposed by FICA, and authorizes the Bureau of State Payrolls in the department to deduct the FICA tax from the employee's wages.[4].
Accordingly, the responsibility and liability of government to pay the tax imposed by 26 U.S.C. § 3101 will be governed by federal law and by the provisions of an agreement entered into by the federal government and the state as authorized by Ch. 650, F.S.[5]
AS TO QUESTION 2:
Section 3102(a) of the federal act provides that the tax shall be collected by the employer by deducting the amount of the tax from the wages of the employee as and when paid. This is a tax on the employee, not the employer, although the employer is responsible for deducting the tax from the employee's wages and is liable to the federal government for failing to carry out this responsibility.[6] While the FICA tax collected by the employer is held in trust for the federal government,[7]
I find nothing in the federal act which changes the nature of the tax as a tax on the employee.[8]
State law requires every state employee, covered by the agreement, between the state and federal government, to pay a contribution equal to the amount of employee tax which would have been imposed by FICA if such services constituted employment within the meaning of the act.[9] Both the state and federal law contemplate that the tax will be paid by the employee with the employer deducting the amount of the tax form the employee's
wages. Section 650.04(2), F.S., however provides that failure to make such a deduction shall not relieve the state employee from liability for such contribution. A similar provision is contained in s. 650.05(3)(b), F.S., for employees of political subdivisions.[10]
If more or less than the correct amount of contribution by state employees is paid or deducted, proper adjustments, or refund if adjustment is impracticable, shall be made without interest in such manner and at times as the Division of Retirement of the Department of Administration prescribes.[11]
Based upon the above, it appears that a governmental agency which pays the tax imposed in accordance with 26 U.S.C. § 3101 for an employee but fails to deduct the payment from the employee's wages, would have a claim against the employee. Whether such a claim, however, is enforceable would depend, in part, upon the particular facts of the case.
AS TO QUESTION 3:
Your third question relates to the authority of a county or district to discharge or forgive a claim either before or after certification under s. 17.041(5), F.S. Your question, thus, relates to the powers of counties and districts, not the Department of Banking and Finance. This office is precluded from directly commenting upon the powers of a governmental entity except at the request of that body.[12]
However, I would note that this office has recognized the power of a board of county commissioners to compromise and settle accounts owed to the county.[13] Moreover, the courts have recognized the power of a local government to "compromise, settle, and compose" litigation of any kind to which it is a party as an incident to and implied from its power to sue and be sued.[14]
Based upon the above, this office in AGO 83-35 concluded that a state agency, like a unit of localgovernment, "has reasonable discretion in the performance of its statutorily imposed duties and may compromise and settle contractual claims of the state or litigation to which it is a party, as long as such a compromise is beneficial to the state [or governmental unit] and is made in good faith."[15]
Section 17.04(1), F.S., makes it the duty of the Department of Banking and Finance to adjust and settle accounts and claims reported to it by the Auditor General, the appropriate county or district official, or any person "against all county and district officers and employees, and against all other persons entrusted with, or who may have received, any property, funds, or moneys of a county or district . . . ."[16] If the officer, employee or person fails to adjust and settle such account or yield up such property, the department shall direct the attorney for the county or district to represent the county or district in enforcing settlement, payment or delivery of the account or property.[17] The department may refer the matter to the local state attorney or to a private collection agency as provided in s. 17.20, F.S.
Section 17.041(5), F.S., expressly provides that no account or claim, after it has been certified to the department,[18]
may be settled for less than the amount due according to law without the written consent of the department. Your letter does not specify a particular factual situation. This office, therefore, can only state that the approval of the department would appear to be required before an account or claim which has been certified to the department pursuant to s. 17.041, F.S., may be settled for less than the amount due.
Thus, to the extent that a county or district account or claim has been certified to the Department of Banking and Finance pursuant to s. 17.041, F.S., such an account or claim may not be settled for less than the amount due according to law without the written consent of the department.
RAB/tjw
[1] 26 U.S.C. § 3102(a).
[2] But see, 26 U.S.C. § 3121(u)(2), stating that for purposes of the taxes imposed by ss. 3101(b) and 3111(b) (hospital insurance), subsection (b) (defining "employment") shall be applied without regard to paragraph (7) exempting states from the definition except as provided in s. 3121(u)(2)(B) and (C).
[3] And see, s. 650.05, F.S., relating to plans for coverage of employees of political subdivisions.
[4] And see, Rule 3A-31.227, F.A.C., authorizing the Comptroller's Office to deduct and remit the federal withholding tax to the federal government in the employee's name.
[5] See, Rule 3A-31.228(3), F.A.C., stating that only the Department of Administration, Division of Retirement, has the authority to amend the social security agreement.
[6] See, Chapter 21, Subchapter A, of which s. 3101 is a part which is entitled "Tax on Employees." Compare, Subchapter B, Ch. 21, entitled "Tax on Employers." Cf., United States v. Fogarty, 164 F.2d 26 (8th Cir. 1947), disapproved onother grounds, Otte v. United States, 419 U.S. 43 (1974) (employer is not relieved of his liability for the tax until employee has in fact paid what the employer owes).
[7] See, 26 U.S.C. § 7501 (whenever any person is required to collect ore withhold nay internal revenue tax from any other person and pay tax to the United States, amount of tax so collected or withheld is held to be a special fund in trust for the United States); United States v. Hill, 368 F.2d 617 (5th Cir., 1966).
[8] C., Cash v. Campbell, 346 F.2d 670 (5th Cir., 1965) (where employer withholds tax but fails to pay over tax to federal government, employee is not liable to government for amount of tax.
[9] Section 650.04(1), F.S.
[10] Section 650.05(3)(b), F.S., provides:
Each political subdivision required to make payments under paragraph (a) is authorized, in consideration of the employee's retention in, or entry upon, employment after enactment of this chapter, to impose upon each of its employees, as to services which are covered by an approved plan, a contribution with respect to his wages as defined in s. 650.02 not exceeding the amount of the employee tax which would be imposed by the Federal Insurance Contributions Act if such services constituted employment within the meaning of that act, and to deduct the amount of such contribution from his wages as and when paid. Contributions so collected shall be paid into the Social Security Contribution Trust Fund in partial discharge of the liability of such political subdivision or instrumentality under paragraph (a). Failure todeduct such contribution shall not relieve the employee oremployer of liability therefor.
[11] Section 650.04(3), F.S. See generally, s. 650.06(5), F.S., which authorizes to be appropriated to the Social Security Contribution Trust Fund, out of the general funds of the state not otherwise appropriated, such additional sums as are found to be necessary to make the payments to the Secretary of the Treasury which the state is required to make pursuant to the agreement entered into under s. 650.03, F.S.
[12] See, s. 16.01(3), F.S., and this office's Statement of Policy Concerning Attorney General Opinions which discusses the authority of the Attorney General to render opinions on questions relating to the requesting officer's official duties.
[13] See, AGO 42-98, February 28, 1942, Biennial Report of the Attorney General, 1941-1942, p. 135 (law is well settled by a decided weight of authority that county commissioners have power to compromise and settle claims which county may have prior to judgement thereon); AGO 60-90. See generally, 20 C.J.S. Counties s. 233.
[14] Williams v. Public Utility Protective League,178 So. 286, 287 (Fla. 1938), concerning the authority of a city, prior to the adoption of home rule powers for municipalities, to compromise and settle litigation.
[15] C., AGO 89-29 which stated in considering AGO 83-35 that the implicit authority of a state agency to compromise or settle claims would appear to be limited to claims which have not been adjudicated.
[16] C., s. 17.04, F.S., relating to accounts of the state; and Ch. 3A-21, F.A.C., providing for the audit and adjustment of accounts and recovery of accounts receivable of state agencies.
[17] Section 17.04, F.S. And see, s. 17.041(4), F.S., stating that if it appears to the department that any criminal statute has been violated by the officer, employee or person, the department shall turn over such information to the proper state attorney.
[18] Section 17.041(5), F.S. 1981, made it the duty of the department to adjust and settle all accounts and claims certified to it by the Auditor General. Chapter 83.132, Laws of Florida, amended s. 17.041 to delete the term "certified" and inserted "reported" to it. The act also added the language "appropriate county or district official, or any person." The purpose of this amendment appears to have been to simplify the procedures relating to accounts and claims of counties and districts. By eliminating the requirement that these matters be certified by the Auditor General, "the department could act to settle any claim as soon as it is reported by an appropriate county or district officer, employee or agent." Bill Analysis on PCS/HB 532, Florida House of Representatives, Committee on Commerce, dated April 28, 1983.
Section 17.041(5), F.S., however, was not amended and still contains the term "certified." Reading the statute together and in order to give effect to s. 17.041(5), F.S., the subsection would appear to refer to those claims and accounts reported to the department by the Auditor General, appropriate county or district official, or any person.