Mr. Thomas J. Ansbro Dania City Attorney 200 East Las Olas Boulevard Suite 1800, New River Center Fort Lauderdale, Florida 33301-2209
Dear Mr. Ansbro:
On behalf of the City of Dania you ask substantially the following question:
May the city enter into collection agreements with a private collection agency allowing the agency to compromise code enforcement board liens and to pursue collection through litigation?
In sum:
A municipality may enter into an agreement with a collection agency to compromise code enforcement board liens and pursue collection through litigation.
The City of Dania is considering retaining the services of a collection agency to collect, among other things, fines imposed by the city's code enforcement board. While you have found no general prohibitions against a city's use of a collection agency, you question whether specific provisions in Chapter 162, Florida Statutes, would preclude such an arrangement.
Section 162.09, Florida Statutes, sets forth administrative fines that may be imposed for code violations and resulting liens for failure to pay such fines. Subsection (3) of section 162.09, Florida Statutes, states:
"A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists and upon any other real or personal property owned by the violator. . . . A fine imposed pursuant to this part shall continue to accrue until the violator comes into compliance or until judgment is rendered in a suit to foreclose on a lien filed pursuant to this section, whichever occurs first. A lien arising from a fine imposed pursuant to this section runs in favor of the local governing body, and the localgoverning body may execute a satisfaction or release of lien
entered pursuant to this section. After 3 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien. No lien created pursuant to the provisions of this part may be foreclosed on real property which is a homestead under s. 4, Art. X of the State Constitution." (e.s.)
The plain language of the statute allows the local governing body to execute a satisfaction or release of lien. As this office concluded in Attorney General Opinion 98-40, the authority to execute a satisfaction or release allows a county commission, as the local governing body, to reduce or satisfy a fine that has been imposed by the code enforcement board and runs in favor of the commission.[1] Moreover, there is no question that a code enforcement board may reduce a fine pursuant to section162.09(2)(c), Florida Statutes.[2]
This office has recognized the power of a board of county commissioners to compromise and settle accounts owed to the county and the authority of a municipality to settle and compromise litigation to which it is a party.[3] Moreover, the courts have acknowledged the authority of a local government to "compromise, settle, and compose" litigation of any kind to which it is a party as arising from its power to sue and be sued.[4]
While it is clear that a local governing body may compromise or settle a fine owed to it, the ability to hire an agent to collect such fine is not addressed in Chapter 162, Florida Statutes. It is well settled, however, that a municipality through its home rule powers may exercise any power for municipal purposes, except when expressly prohibited by law.[5] Section 166.021, Florida Statutes, states:
"[m]unicipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law."
I have not found, nor have you directed my attention to, any statutory provision prohibiting a municipality from contracting with a collection agency. It is my opinion, therefore, that a municipality may enter into an agreement with a collection agency to settle or compromise outstanding liens from code enforcement violations and pursue collection through litigation.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Black's Law Dictionary Release p. 1159 (5th ed. 1979) (the relinquishment, concession, or giving up of a right, claim, or privilege, by the person in whom it exists or to whom it accrues, to the person against whom it might have been demanded or enforced). Black's Law Dictionary Satisfaction p. 1204 (5th ed. 1979); and see, 78 C.J.S. Satisfaction p. 581, stating:
"The term "satisfaction" is employed in the law in a more specific sense to indicate the execution or performance of an accord; that is, the execution or performance of an agreement whereby one party undertakes to give or perform, and the other party to accept, in satisfaction of a claim . . . something other than or different from what he is or considers himself, entitled to[.]"
[2] Cf., Op. Att'y Gen. Fla. 93-91 (1993), concluding that section 162.09(2), Fla. Stat. (1993), while allowing a code enforcement board to reduce fines imposed pursuant to the section, did not, at that time, authorize a city council to reduce a fine imposed by the code enforcement board. The statute was subsequently amended to grant the local governing body such authority. See, s. 4, Ch. 94-291, Laws of Fla.
[3] See, Op. Att'y Gen. Fla. 91-78 (1991) (citing to Op. Att'y Gen. Fla. 42-98, February 28, 1942, Biennial Report of the Attorney General, 1941-1942, p. 135, recognizing the law as well-settled that county commissioners have power to compromise and settle claims which county may have prior to judgment thereon). And see, Op. Att'y Gen. Fla. 83-35 (1983).
[4] See, Williams v. Public Utility Protective League ofFlorida, 178 So. 286, 287 (Fla. 1938), discussing the authority of a city, prior to adoption of home rule powers for municipalities, to compromise and settle litigation.
[5] See, Art. VIII, s. 2(b), Fla. Const., implemented by Ch.166, Fla. Stat., the Municipal Home Rule Powers Act.